IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY DEAN HUNT, SR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-186-JPG |
| | ) |
| JAY SWANSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

GILBERT, District Judge:

This matter is before the Court on Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2). Plaintiff filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, along with this motion while he was confined at the Westville Correctional Facility. The Court received notice from the Plaintiff on February 8, 2018, that he had been discharged from jail (Doc. 2). Plaintiff provided the Court with his updated, post-release address.

Plaintiff was a prisoner when he filed this action. Therefore, he is obligated to pay the entire filing fee under 28 U.S.C. § 1915(b)(1), which provides: "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." *See Robbins v. Switzer*, 104 F.3d 895, 897 (7th Cir. 1997). Section 1915(b)(1) further establishes that a prisoner must *pre*pay the filing fee in accordance with a statutory schedule based upon transactions in his prison trust fund account. Plaintiff's current released status does not change the fact that he was a prisoner when he filed this action. *See Robbins*, 104 F.3d at 898. He "is liable for the whole fee (just like everyone else who proceeds IFP), and must prepay according to the statutory schedule." *Id*.

Plaintiff did not provide a proper prisoner trust fund account statement with his motion. In fact, Plaintiff's "motion" is a single page transaction history inquiry. Accordingly, Plaintiff's first motion to proceed IFP (Doc. [2]) is **DENIED** as incomplete. Because Plaintiff is no longer detained or incarcerated, he must pay the $350 filing fee or file an updated motion to proceed IFP within **FOURTEEN DAYS** of the entry of this Order. *Robbins*, 104 F.3d at 899. The Clerk is **DIRECTED** to send Plaintiff a blank Motion for Leave to Proceed IFP form along with a copy of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff does not comply with this Order in the time allotted, this case will be dismissed for failure to comply with an order of this Court. FED.R.CIV.P. 41(b); *Robbins*, 104 F.3d at 899; *see also Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997)*; Johnson v. Kamminga,* 34 F.3d 466 (7th Cir. 1994).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address, and that the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents, and may result in a dismissal of this action for want of prosecution.

IT IS SO ORDERED.

DATED: April 5, 2018

s/J. Phil Gilbert
United States District Judge