## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JEREMY DEAN HUNT, SR.,       )
         )
      **Plaintiff,**      )
         )
**vs.**         )      Case No. 18−cv–0186−JPG
         )
**JAY SWANSON**      )
         )
      **Defendant.**      )
         )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeremy Dean Hunt, Sr., formerly an inmate in Graham Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages in the amount of $1,000,000. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not

plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line

between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the

*pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577

F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it

appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## The Complaint

Although the Complaint is difficult to follow, Plaintiff appears to be alleging that

Defendant Swanson performed oral surgery improperly, causing Plaintiff to suffer from a "bad"

cross bite, which makes it difficult to chew. (Doc. 1, p. 2). Plaintiff alleges that his teeth are

wearing out due to the improper cross bite and that he bites his tongue and lips. *Id*. He also gets

frequent infections. *Id.* Plaintiff alleges that Swanson deliberately performed the surgery

improperly because the State of Illinois owed him money, and so Swanson "took it out" on

Plaintiff. (Doc. 1, p. 3). Plaintiff also alleges that Swanson was "down on him" because of his

status as an inmate. *Id.*

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro

se action into 2 counts. The parties and the Court will use these designations in all future

pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Swanson was deliberately indifferent to Plaintiff's jaw condition when
> he performed surgery improperly because of Plaintiff's prisoner status and
> because the State of Illinois owed him money in violation of the Eighth
> Amendment;

**Count 2** – Swanson performed Plaintiff's oral surgery negligently, in violation of Illinois state law.

Plaintiff's Complaint must be dismissed at this time for a number of reasons. First of all, Plaintiff has not alleged that Swanson was a state actor or that he acted under color of state law. A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.*, 311 F.3d 851, 852-53 (7th Cir. 2002); *West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). Plaintiff cannot bring a § 1983 claim without an allegation that the target of the suit was a state actor or acted under color of state law.

Moreover, Plaintiff has not made an adequate allegation of deliberate indifference. Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer

that a substantial risk of serious harm exists, and he must actually draw the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

While dental needs can certainly constitute a serious medical need, it is not clear from the face of the Complaint what Plaintiff's precise dental issue was and what issue the surgery was supposed to correct. Although the Complaint alleges that Swanson did not do his best for Plaintiff due to Plaintiff's status as a prisoner, that is not a sufficient allegation of deliberate indifference. *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997) ("[Prisoner] is not entitled to the best care possible. She is entitled to reasonable measures to meet a substantial risk of serious harm to her."). Plaintiff must allege that Swanson was aware of a serious risk to Plaintiff and deliberately disregarded that risk. His allegations are too vague here for the Court to infer such a claim. Therefore, Plaintiff has not made a plausible allegation of deliberate indifference and **Count 1** will also be dismissed on these grounds.

It is possible that Plaintiff is attempting to allege that Swanson was negligent—a lower standard than deliberate indifference. The allegations are not clear on this point. Of course, negligence is a claim that arises under state law and does not require that the defendant be a state actor or act under color of state law. But it does have its own unique requirements. Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant

has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2017). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b). Illinois courts have specifically applied § 5/2-622(b) to claims involving dental care. *Horlacher v. Cohen*, -- N.E.3d --, 2017 Il. App. (1st) 162712 (December 21, 2017) (citing *Jackson v. Chicago Classic Janitorial & Cleaning Service, Inc.*, 823 N.E. 2d 1055, 1058 (Ill. App. 1st Dist. 2005)). Therefore, the Court will apply the statute in this case.

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

Moreover, federal courts may only hear state-law claims where a district court has original jurisdiction over a civil action arising under federal law, like a claim pursuant to § 1983. 28 U.S.C. § 1367(a). The claims must "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495

(7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).  In order to bring a medical claim in this Court, Plaintiff must articulate a viable federal claim, which he has not done here, and then meet the requirements of § 2-622 pursuant to Illinois law by getting a medical provider to opine that he suffered from negligence in a written report or by submitting his affidavit explaining that he was unable to get such a report for a reason recognized by the statute.  As he has done neither of those things at this time, **Count 2** will also be dismissed without prejudice.

### Pending Motions

Plaintiff's Motion to Proceed IFP will be addressed by separate order.  (Doc. 14).

### Disposition

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED without prejudice** for failure to state a claim.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint, stating any facts which may exist to support his claims (on or before **May 16, 2018**).  An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint.  Thus, the First Amended Complaint must stand on its own, without reference to any other pleading.  Should the First Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  Failure to file an amended complaint shall result in the dismissal of this action with prejudice.  Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Plaintiff is warned, however, that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the Amended Complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**
**DATED: April 18, 2018**

<u>**s/J. Phil Gilbert**</u>
**U.S. District Judge**