# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY DEAN HUNT, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18−cv–0186−SMY |
| ) | |
| JAY SWANSON, ) | |
| GRAHAM CORR. CENTER, ) | |
| WEXFORD HEALTH SOURCES, ) | |
| KAYLA, ) | |
| BAKER, ) | |
| GIBSON, ) | |
| COLLINS, and ) | |
| MILLER ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jeremy Dean Hunt, Sr., formerly an inmate at Graham Correctional Center ("Graham"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks compensatory damages. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Amended Complaint**

Plaintiff originally brought this suit on February 5, 2018 in the Central District of Illinois. (Doc. 1). It was transferred to this Court on February 7, 2018. (Doc. 4). On April 18, 2018, the Court dismissed the Complaint under § 1915A for failure to state a claim. (Doc. 15). Specifically, the Court found that Count 1 (deliberate indifference) failed to state a claim upon which relief could be granted because it did not include sufficient facts to make it plausible that Swanson (then the only named Defendant) acted with deliberate indifference. (Doc. 15, p. 4). The Court also noted that the Complaint did not specifically allege that Swanson was a state actor or acted under the color of state law. (Doc. 15, p. 3). Finally, the Court found that Plaintiff was attempting to state a medical negligence claim against Swanson, but dismissed that claim

because Plaintiff had not complied with Illinois state law. (Doc. 15, pp. 4-6). Plaintiff filed the First Amended Complaint presently before the Court on May 1, 2018. (Doc. 18).

Plaintiff's First Amended Complaint asserts a deliberate indifference claim. (Doc. 18, p. 5). He alleges that the wrong procedure done – that it was "just a bandaide(sic)." *Id*. Plaintiff also alleges that as a result, he now has a terrible cross-bite, which makes it difficult to eat and chew. *Id*.

### **Discussion**

Plaintiff's Amended Complaint contains even less detail than his original Complaint, and thus fails to correct any of the problems described by the Court in its prior Order. In fact, the allegations are essentially identical to the original Complaint. Generally, an amended complaint that states the same facts using different language will be futile. *Garcia v. City of Chicago*, *Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

The Court previously noted it was unclear that Plaintiff had named a state actor for purposes of pursuing a § 1983 claim. The Amended Complaint names five additional individuals; 3 lieutenants at Graham, Wexford Health Sources, and Graham Correctional Center itself.

The inclusion of Graham as a defendant is improper because Plaintiff cannot maintain his suit against a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d

425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 218, 220 n. 3 (7th Cir. 1990) (same). Likewise, Graham, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71. Graham will therefore be dismissed with prejudice.

As to the other newly added defendants, Plaintiff has not made any factual allegations against them in his Statement of Claim. The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe Complaints, are required to associate specific defendants with specific claims is so defendants are put on notice of the claims brought against them, and so they can properly answer the Complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Where a plaintiff has not included a defendant in his Statement of the Claim, the defendant cannot be said to be adequately put on notice of which claims in the Complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

Because Plaintiff has not listed Defendants Wexford, Kayla, Baker, Gibson, Collins, or Miller elsewhere in the Amended Complaint, he has not adequately stated claims against these individuals or put them on notice of any claims that Plaintiff may have against them.

Accordingly, Defendants Wexford, Kayla, Baker, Gibson, Collins, and Miller will be dismissed from this action.[1]

As to Defendant Swanson, Plaintiff has still not adequately articulated a claim against him. Plaintiff has only made a bare allegation that Swanson harmed him. But he has not alleged that Swanson harmed him because he was aware of a specific risk to Plaintiff and ignored that risk. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Plaintiff has thus failed to state a deliberate indifference claim under § 1983.

An allegation that a medical provider performed a procedure incorrectly, which is what Plaintiff principally alleges, suggests negligence, which as the Court's prior order noted, is a claim arising under Illinois state law. The Amended Complaint does not comply with 735 Ill. Comp. Stat. §5/2-622(a) because Plaintiff has not submitted a medical expert's report or an affidavit averring that he falls into an exception for producing the report. Moreover, if Plaintiff cannot state a valid federal claim, there is no reason for this Court to exercise supplemental jurisdiction over any state law claims, as more fully discussed in the Court's prior Order.

Plaintiff has done nothing more in his First Amended Complaint than restate his original allegations. He has not corrected any of the errors the Court previously discussed, nor has he articulated additional facts making his claims for relief plausible. As Plaintiff has not stated a valid claim after being granted leave to amend, the Court presumes that he cannot. Accordingly, this case will be **DISMISSED with prejudice** for failure to state a claim.

---

[1] Normally such a dismissal would be without prejudice, but Graham Correctional Center is not located in this district, and Plaintiff has not alleged that any of the newly added defendants reside in this district, making venue likely improper here. If Plaintiff can articulate claims against these individuals, he should do so in a new lawsuit in the Central District.

**Pending Motions**

Plaintiff has already been granted leave to proceed IFP in this case on April 24, 2018, making his present motion moot. (Doc. 19).

Plaintiff's motion for status is also denied as moot as this Order will serve as a status of the case. (Doc. 21)

**Disposition**

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED with prejudice** for failure to state a claim. This dismissal shall count as one of Plaintiff's "strikes" pursuant to § 1915(g). Plaintiff's Motions are **DENIED** as **MOOT**. (Doc. 19) (Doc. 21).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to enter judgment and close this case.

**IT IS SO ORDERED.**

**DATED: June 21, 2018**

                                                   s/ STACI M. YANDLE

                                                   **U.S. District Judge**